# UNITED STATES DISTRICT COURT
# DISTRICT OF DELAWARE

Bin Yu

Plaintiff,

v.

Case No.: `‾ 0 8 ‾ 7 4 ‾ ‾`

Michael Chertoff
Secretary of Homeland Security
U. S. Department of Homeland Security
Washington, D.C. 20528

Judge: _____

Emilio T. Gonzalez
Director of U. S. Citizenship and Immigration Services
U. S. Department of Homeland Security
Washington D.C. 20528

Evelyn Upchurch, Director
Texas Service Center
U. S. Citizenship and Immigration Services
4141 Saint Augustine Rd.
Dallas, TX 75227

Michael B. Mukasey, Attorney General
U. S. Department of Justice
950 Pennsylvania Ave, NW
Washington, DC 20530-0001

Robert S. Mueller, III
Director of Federal Bureau of Investigation
J. Edgar Hoover Building
935 Pennsylvania Avenue, NW
Washington, D.C. 20535-0001

Defendants.

## **COMPLAINT FOR MANDAMUS AND INJUNCTIVE RELIEF**

Petitioner / Plaintiff, Bin Yu, Pro Se, presents instant Complaint before this Honorable Court requesting relief against the Defendants for their failure to act on the Petitioner's application for permanent residence in accordance with law.

## **I.   INTRODUCTION**

1.      This is a petition for a statutory relief pursuant to law including US Constitution, Mandamus Act (28 U.S.C. § 1361), Declaratory Judgment Act (28 U.S.C. § 2201), and the Administrative Procedures Act (5 U.S.C. § 551 et seq.). This action challenges the unreasonable delay in adjudicating of Plaintiff's employment-based Adjustment Of Status (AOS) Application (I-485 form) pending at the United States Citizenship and Immigration Services (USCIS) since Nov 2004.

## **II.   JURISDICTION**

2.      This Court has subject matter jurisdiction over this petition under 28 U.S.C. § 1331 (Federal question statute) since this is a civil action arising under the Constitution and the laws of the United states, including the Fifth Amendment to the U.S. Constitution, provisions of Title 8 U.S.C. § 1101 et seq. (Immigration and Nationality Act, INA) and applicable regulations, policies and procedures arising there under. This Court may grant relief in this action under 28 U.S.C. § 1361 (Mandamus Act); 28 U.S.C. § 1651 (All Writs Act); 28 U.S.C. § 2201 (Declaratory Judgment Act); and under 5 U.S.C. §§ 551, 701 et seq. (Administrative Procedures Act).

2

3.      There are no administrative remedies available to Petitioner to redress the grievances described herein. This action challenges only the Respondents' timeliness in adjudication of AOS petition, not the granting or denial of the petition; therefore the jurisdictional limitations of 8 U.S.C. § 1252 do not apply.

## III. VENUE

4.      Pursuant to 28 U.S.C. § 1391(e) venue is proper in this judicial district, because Defendants operate within this district, the substantial part of events giving rise to this action occurred within the district and plaintiff resides in this district.

## IV. PARTIES

5.      Petitioner Bin Yu, alien number as A98643487, is a native and citizen of P. R. China. Yu is a senior research scientist working for Quantum Leap Innovations, Inc.(QLI), located in Newark, DE. Petitioner originally entered the United States as a graduate student in August 1998 to attend North Carolina State University (NCSU), Raleigh, NC. After graduating from NCSU with a Ph. D. degree in Computer Science in 2002, Yu worked as a post-doctoral research associate for Carnegie Mellon University, Pittsburgh, PA. On October 22, 2004, Yu filed an immigrant visa petition (under the category of EB-1A), which was approved in April 22, 2005. On November 8, 2004, Yu filed an application for Adjustment Of Status (AOS) to become a permanent resident of the United States with the Vermont Service Center of USCIS and the case was then transferred to the Texas Service Center in March 2007 for "speed-up processing". However, this

3

application is still pending after more than 3 years. Bin Yu appears before this honorable court in his own behalf as an individual, and on behalf of his derivative beneficiary – his wife Ying Liu.

6.      Respondent Michael Chertoff is the Secretary of the US Department of Homeland Security and is the direct supervisor of the Director of the U. S. Citizenship and Immigration Services. Therefore he is the ultimate decision-making authority over the plaintiff's pending application with USCIS.

7.      Respondent Emilio T. Gonzalez is the Director of the U. S. Citizenship and Immigration Services. Pursuant *inter alia*, to 8 U.S.C. § 1103, he is charged with, among other matters, administering the USCIS by implementing and enforcing the Immigration and Nationality Act. As such, he has decision-making authority over the matters alleged in this Complaint.

8.      Respondent Evelyn Upchurch is the Director of the Texas Service Center of USCIS of the DHS. In her capacity as the Director of the Texas Service Center, Ms. Upchurch is responsible for the administration of immigration benefits and services including the processing of employment-based immigration petitions. As such, she has decision-making authority over the matters alleged in this Complaint.

9.      Respondent Michael B. Mukasey is the Attorney General of the United States. Pursuant, *inter alia*, to 8 U.S.C. § 1103, he is charged with controlling determination of all issues of law pertaining to immigration and with representing the United States of America in various legal matters.

4

10.      Respondent Robert S. Mueller, III is the Director of Federal Bureau of Investigation. He is the ultimate decision-making authority over the plaintiff's pending name check clearance as alleged in this Complaint.

## V. STATEMENT OF FACTS

11.      Petitioner, Bin Yu and his wife, Ying Liu, submitted AOS applications to become permanent residents of the United States with Vermont Service Center of USCIS on November 8, 2004. USCIS acknowledgement documents are attached hereto as **Exhibit A**.

12.      Petitioner is eligible to receive an immigrant visa and is admissible to the United States for permanent residence.

13.      Petitioner's employment-based immigrant petition for alien worker under INA 8 U.S.C. § 1153(b) was approved on April 22, 2004. Approval notice is provided in **Exhibit B**.

14.      An immigrant visa was immediately available to the Petitioner at the time of AOS application was filed.

15.      An immigrant visa is immediately available to the Petitioner at the time of filing this Complaint.

16.      Following the submission of AOS application, Petitioner was requested to provide and actually provided fingerprints for security checks on April 6, 2005 and on May 4, 2007.

17.      USCIS    publishes    processing    dates    every    month    online    at: https://egov.uscis.gov/cris/jsps/Processtimes.jsp?SeviceCenter=TSC

5

Texas Service Center is currently processing AOS applications (form I-485) filed on May 24, 2007 (**Exhibit C**) while Petitioner submitted his application in November 2004, *26 months earlier* than current published processing time.

18.     On August 02, 2005, Petitioner contacted USCIS to change the address. USCIS replied: "...*The processing of your case has been delayed. We are currently awaiting the results of required security checks on this case.*" (**Exhibit D**).

19.     Plaintiff emailed inquiries to FBI about name check status and requested expedition of name check clearance on his case, but got no response from FBI.

20.     From August 2006 to August 2007, Plaintiff sent numerous inquiries to USCIS and FBI through Senator Joseph R. Biden's office in Delaware and First Lady Mrs. Laura Bush and was informed that I-485 is still pending due to the FBI name check since November 26, 2004 (**Exhibit E**).

21.     On August 27, 2007, Plaintiff received a service request letter from USCIS Texas Service Center, stating"... *your case is currently under review. You should receive a decision or notice of other actions within 60 days.*" (**Exhibit F**). Plaintiff failed to receive any response from USCIS at the time of filing this Complaint.

22.     Since no resolution on Petitioner's application has been reached, Petitioner wrote an official Complaint Letter explaining Petitioner's situation and noting that if case is not resolved within 30 days, a civil suit will be filed in the Federal Court. On November 17, 2007, that Complaint Letter was sent via express mail to Ms. Evelyn Upchurch, Director of USCIS Texas Service Center (**Exhibit G**). There was no response from USCIS regarding this matter.

6

23.    Plaintiff Bin Yu has always complied with immigration and civil laws, has never been arrested or convicted of a crime and has never presented a security risk to the United States. Mr. Yu has been lawfully present in the United States for over 9 years since August 1998.

24.    As of January 22, 2008, *3 years 2 months after submitting all documents to USCIS*, no resolution on Dr. Bin Yu's application has been reached so he is filing present Complaint with the Delaware District Court. This action challenges only the Defendants' timeliness in adjudication of Petitioner's application, not the granting or denial of that application.

25.    Section 202 (8 U.S.C. § 1571) of the Title II of the American Competitiveness in Twenty-first Century Act of 2000 (AC21) clearly lays down the parameters of reasonableness in immigration adjudication, stating: "…It is the sense of Congress that the processing of an immigration benefit application should be completed no later than **180 days** after the initial filing of the application."

26.    The Congress also classified employment-based adjudications pending 180 days or more as "long delayed" in Section 106 (8 U.S.C. § 1154 (g)) of the AC21. It is clear that when Congress created employment-base adjustment of status procedure, its intention was that it should not take longer than 180 days. Plaintiff has been waiting for *more than three years*.

27.    Defendants are also required by 5 U.S.C. § 555(b) "within a reasonable time … to conclude a matter presented… "

28.    Other District Courts have concluded in similar cases that petitioners have a clear right to have his or her application for lawful permanent residency status

7

adjudicated within a reasonable period of time. (*Yu v. Brown*, 36F. Supp. 2d 922, 925 (D.N.M. 1999); *Yong Tang v. Chertoff*, 493 F. Supp.2d 148 (D.Mass. 2007); *Jones v. Gonzales*, 2007 U.S. Dist. LEXIS 45012 (S.D. Fla 2007)). For instance, in *Yu v. Brown*, where petitioner sought a writ of mandamus to force INS to act on her application for lawful permanent residence two and one half years after she applied, the court concluded that Yu's petition properly stated a claim for mandamus. Also in *Jones v. Gonzales*, Court denied Defendats' MTD and orders "reasonably prompt" AOS: "...no agency responsible for resolving matters of public interest should be free to let those matters pend in perpetuity ... REMANDED to the USCIS for reasonably prompt adjudication of Plaintiffs' I-485 Adjustment Applications."

## VI. INJURY TO PETITIONER

29.     The Petitioner's application to become permanent resident of the United States is pending at USCIS for *more than 3 years*.

30.     Petitioner is waiting and will continue to wait for a significant amount of time for a decision on his AOS application. His status in the United States has been and will continue to be uncertain. Petitioner could not plan ahead because he has not known and does not know when he becomes a permanent resident.

31.     Petitioner has lost a significant work time while pursuing his adjustment of status application, making inquiries with USCIS, meeting with lawyers, applying for yearly work authorization renewals, reporting for fingerprinting, and otherwise pursuing his delayed permanent residency.

8

32.     Petitioner has to obtain yearly work authorization permits while his AOS application is pending. This results in significant out-of-pocket expenses (EAD renewal cost is $340/year and Petitioner has already applied for four of them), including attorneys' fees, inconvenience, and loss of wages.

33.     Plaintiff Yu was unable to apply for or work on several grants funded by U.S. Office of Naval Research (ONR) and other governmental agencies. Several research proposals received favorably reviews, but cannot be funded due to the delayed adjustment of status petition and the ITAR restriction. These include,

    a. Proposal to DTO in March 2007: Total budget for the QLI/CMU team exceeds $3.7 million.

    b. Proposal to Army SBIR office in June 2007: Total budget for the QLI/UPenn team is about $100K.

    c. Potential Phase II STTR proposal (to be submitted to ONR in April, 2008 ): Total budget for the QLI/UPenn team about $750K.

    In addition to the severe financial loss to Yu's company, his delayed permanent residency may be also detrimental to national interest, as the proposed technologies can significantly enhance the capabilities of Marine Expeditionary Units in counter-terrorism operations if these technologies are properly developed and deployed in time.

## VII.  GROUNDS FOR RELIEF

34.     Defendants, despite having a duty to act within reasonable time, have failed to process and adjudicate Petitioner's application for permanent residency in a timely manner.

9

35.     Defendant USCIS' duty to process and adjudicate Petitioner's application "within a reasonable time" is a non-discretionary duty mandated by federal and judicial precedent.

36.     Defendant USCIS' conduct in failing to process Petitioner's application and adjudicate his case in a reasonably timely manner has caused unnecessary and injurious delays to Petitioner, in violation of his rights.

37.     Petitioner has exhausted all administrative remedies available and has determined that no adequate remedy exists (**Exhibit H**).

**Count I.**

**Mandamus Action**

**28 U.S.C. § 1651, 28 USC § 1361, 8 C.F.R. §103.2(b)(19) and 8 C.F.R. §245.2(a)(5)(i)**

38.     Petitioner incorporates all allegations made hereinabove that are pertinent to this Court.

39.     Defendants are charged with the mandatory responsibility of administering and implementing the Immigration and Nationality Act.

40.     Defendants bear sole responsibility for timely adjudication of AOS application and for orderly attendant procedures.

41.     Defendants have failed to discharge their mandated duties.

42.     As a result, Petitioner has suffered and continues to suffer irreparable harm and damages entitling him to declaratory, injunctive and other relief.

43.     Petitioner has exhausted all possible administrative remedies and there exists no other adequate remedy.

44.     Strong humanitarian factors favor granting of Mandamus relief.

**Count II.**

**Administrative Procedures Act**

**5 U.S.C. §§ 555, 701 et seq., 8 C.F.R. §103.2(b)(19) and 8 C.F.R. §245.2(a)(5)(i)**

45.     By failing to render timely decision on Petitioner's application, Defendants have violated the Administrative Procedures Act and this constitutes agency action that is arbitrary and capricious, and not in accordance with law. The Court of Appeals for DC Circuit noted that while "[t]here is no per se rule as to how long is too long to wait for agency action ... a reasonable time for agency action is typically counted in weeks or months, not years". *In re American Rivers and Idaho Rivers*, 372 F.3d 413, 415 (D.C. Cir. 2004). The delay in this instant case is not judicially unmanageable as the USCIS failed to achieve a concrete goal – to issue a decision upon an application and violated the APA provision to do so within a reasonable time. 5 U.S.C. § 555(b). This Court has power under 5 U.S.C. § 706(1) to compel agency to perform "action unlawfully withheld or unreasonably delayed". The Defendants required by 8 C.F.R. § 103.2(b)(19) and by 8 C.F.R. § 245.2(a)(5)(i) to provide the Plaintiff a notice about the decision upon Plaintiff's application and they have failed to do so within a reasonable time.

**Count III.**

**Declaratory Judgment Act**

**28 U.S.C. § 2201, 8 C.F.R. §103.2(b)(18), 8 C.F.R. §103.2(b)(19) and 8 C.F.R. §245.2(a)(5)(i)**

46.     Petitioner incorporates all allegations made hereinabove that are pertinent to this Court.

47.     Petitioner contend that Defendants' actions and decisions relating to delays in AOS adjudication and attendant procedures are unconstitutional, violate the INA and the applicable regulations, and are arbitrary and capricious and seek a declaration to that effect under 28 U.S.C. § 2201.

48.     Defendants have failed to discharge their mandated official duties.

49.     As a result, Petitioner has suffered and continues to suffer irreparable harm and damages entitling him to declaratory, injunctive and other relief.

**Count IV.**

**Equal Access to Justice Act**

**5 U.S.C. § 504 and 28 U.S.C. § 2412**

50.     Petitioner incorporates all allegations made hereinabove that are pertinent to this Court.

51.     If prevails, Petitioner will seek attorney's fees and costs under the Equal Access to Justice Act ("EAJA"), as amended, 5 U.S.C. § 504 and 28 U.S.C. § 2412.

## VIII    PRAYER FOR RELIEF

WHEREFORE, Petitioner respectfully prays that the honorable Court grant the following

relief:

     i.       Assume jurisdiction over this cause;

     ii.      Compel FBI to perform their duty to complete the Petitioner's name check

               within a reasonable time;

     iii.     Compel USCIS to perform their duty to adjudicate Petitioner's application

               for permanent residency within a reasonable time;

     iv.     Grant attorneys fees and costs of court;

     v.      Grant such other and further relief this Court deems just and appropriate.

Dated: __Feb____5___, 2008

RESPECTFULLY SUBMITTED,

Bin Yu, Pro Se
5505 Limeric Circle, Apt 24,
Wilmington, DE 19808
Phone: (302) 737-2380
Cell: (302) 607-1390
E-mail: ben.b.yu@gmail.com

## IX    EXHIBITS

EXHIBIT A         I-485 Receipt Notice and Transfer Notice

EXHIBIT B         I-140 approval notice

EXHIBIT C         Texas Service Center Processing Date--- 1/1/2007

EXHIBIT D         USCIS Letter regarding case status

EXHIBIT E         FBI letter regarding name check status

EXHIBIT F         USCIS Letter stating a decision within 60 days

EXHIBIT G         Complaint Letter to USCIS and postal service receipt

EXHIBIT H         Timeline of Plaintiff's application and his inquiring efforts

# EXHIBIT A

## I-485 Receipt Notice and Transfer Notice

Department of Homeland Security
U.S. Citizenship and Immigration Services

**I-797C, Notice of Action**

## THE UNITED STATES OF AMERICA

| RECEIPT NUMBER | | CASE TYPE | I485 APPLICATION TO ADJUST TO PERMANENT |
|---|---|---|---|
| EAC-05-032-50855 | | | RESIDENT STATUS |

| RECEIVED DATE | PRIORITY DATE | APPLICANT A98 643 487 |
|---|---|---|
| November 8, 2004 | | YU, BIN |

| NOTICE DATE | PAGE |
|---|---|
| November 16, 2004 | 1 of 1 |

RONALD D. RICHEY
PRIME CONSULTANTS INC
P O BOX 204
BOYDS MD 20841-0204

**Notice Type:**  Receipt Notice

Amount received: $  385.00

Section: Adjustment as direct
beneficiary of immigrant
petition

**Receipt notice** - If any of the above information is incorrect, call customer service immediately.

Processing time - Processing times vary by kind of case.
- You can check our current processing time for this kind of case on our website at **uscis.gov**.
- On our website you can also sign up to get free e-mail updates as we complete key processing steps on this case.
- Most of the time your case is pending the processing status will not change because we will be working on others filed earlier.
- We will notify you by mail when we make a decision on this case, or if we need something from you. If you move while this case is pending, call customer service when you move.
- Processing times can change. If you don't get a decision or update from us within our current processing time, check our website or call for an update.

If you have questions, check our website or call customer service. Please save this notice, and have it with you if you contact us about this case.

**Notice to all customers with a pending I-130 petition** - USCIS is now processing Form I-130, Petition for Alien Relative, as a visa number becomes available. Filing and approval of an I-130 relative petition is only the first step in helping a relative immigrate to the United States. Eligible family members must wait until there is a visa number available before they can apply for an immigrant visa or adjustment of status to a lawful permanent resident. This process will allow USCIS to concentrate resources first on cases where visas are actually available. This process should not delay the ability of one's relative to apply for an immigrant visa or adjustment of status. Refer to **www.state.gov/travel** <http://www.state.gov/travel> to determine current visa availability dates. For more information, please visit our website at www.uscis.gov or contact us at 1-800-375-5283.

Always remember to call customer service if you move while your case is pending. If you have a pending I-130 relative petition, also call customer service if you should decide to withdraw your petition or if you become a U.S. citizen.

Please see the additional information on the back. You will be notified separately about any other cases you filed.
IMMIGRATION & NATURALIZATION SERVICE
VERMONT SERVICE CENTER
75 LOWER WELDEN STREET
SAINT ALBANS VT 05479-0001
**Customer Service Telephone:** (800) 375-5283



# THE UNITED STATES OF AMERICA

| RECEIPT NUMBER<br>EAC-05-032-50855 | | CASE TYPE  I485    APPLICATION TO ADJUST TO PERMANENT<br>RESIDENT STATUS |
|---|---|---|
| RECEIPT DATE<br>November 16, 2004 | PRIORITY DATE | APPLICANT   A098 643 487<br>YU, BIN |
| NOTICE DATE<br>March 7, 2007 | PAGE<br>1 of 1 | |

BIN YU
5505 LIMERIC CR APT 24
WILMINGTON DE 19808

**Notice Type:**  Transfer Notice

This is to advise you that in order to speed up processing we have transferred the above case to the following USCIS office for processing:

    Texas Service Center, P. O. Box 851488 - Dept. A , Mesquite, TX 75185-1488

That office will notify you of the decision made on the application or petition.

Please read the following information before attempting to contact the National Customer Service Center for an update:

Please refer to the USCIS processing dates webpage, via the USCIS home webpage **http://www.uscis.gov/graphics/index.htm**, to locate the processing dates for the specific service center that your case was transferred to.  If the service center is within processing time for your particular application or petition, USCIS cannot provide an update on your case.  If the service center is outside of processing time for your particular application or petition, please call Customer Service at 1-800-375-5283 to request an update.

Please read the following information if you submitted a Premium Processing application or petition:

Please contact the Premium Processing phone number at 1-866-315-5718 for inquiries.  The 15-day Premium Processing clock does not start until the correct office receives the application or petition.

Please see the additional information on the back.  You will be notified separately about any other cases you filed.
IMMIGRATION & NATURALIZATION SERVICE
VERMONT SERVICE CENTER
75 LOWER WELDEN STREET
SAINT ALBANS VT 05479-0001
**Customer Service Telephone:  (800) 375-5283**



Form I-797C (Rev. 01/31/05) N

# EXHIBIT B

## I-140 approval notice

Department of Homeland Security
U.S. Citizenship and Immigration Services

**I-797, Notice of Action**

| RECEIPT NUMBER | | CASE TYPE  I140 |
|---|---|---|
| EAC-05-017-51520 | | IMMIGRANT PETITION FOR ALIEN WORKER |

| RECEIPT DATE | PRIORITY DATE | PETITIONER |
|---|---|---|
| October 25, 2004 | October 22, 2004 | YU, BIN |

| NOTICE DATE | PAGE | BENEFICIARY  A98 643 487 |
|---|---|---|
| April 22, 2005 | 1 of 1 | YU, BIN |

BIN YU
5506 FIFTH AVENUE 211C
PITTSBURGH PA 15232

**Notice Type:** Approval Notice
Section: Alien of Extraordinary
          Ability, Sec.203(b)(1)(A)

The above petition has been approved.  The person this petition is for will be notified separately when a decision is
reached on his or her pending adjustment of status application.

THIS FORM IS NOT A VISA NOR MAY IT BE USED IN PLACE OF A VISA.

Please see the additional information on the back.  You will be notified separately about any other cases you filed.
IMMIGRATION & NATURALIZATION SERVICE
VERMONT SERVICE CENTER
75 LOWER WELDEN STREET
SAINT ALBANS VT 05479-0001
**Customer Service Telephone: (800) 375-5283**



# EXHIBIT C

## Texas Service Center Processing Date

## Department of State Visa Bulletin (January, 2008)





Services & Benefit Immigration Forms Laws & Regulation   About USCIS   Education & Reso   Press Room

Print This Page   |   Back

# U.S. Citizenship and Immigration Services
# Texas Service Center Processing Dates
# Posted January 15, 2008

The processing times shown below are a tool for our customers to gauge our current processing times. When applications and petitions are completed within our target timeframes, that goal will be shown in the data display.

The processing times shown below are for applications that have just been completed. If you have just filed your application, these timeframes may not reflect how long your application will take to be completed. We encourage you to check this page periodically before inquiring about your case. The processing times are updated monthly.

USCIS has received a significant increase in the number of applications filed. In July and August, nearly 2.5 million applications and petitions of all types were received. This compares to 1.2 million applications and petitions received in the same time period last year. This fiscal year, we received 1.4 million applications for naturalization; nearly double the volume we received the year before. The agency is working to improve processes and focus increased resources, including hiring approximately 1,500 new employees, to address this workload.

As a result, average processing times for certain application types may be longer. In particular, naturalization applications filed after June 1, 2007 may take approximately 16-18 months to process.

We offer a variety of services after you file. For example, for most kinds of cases you can check the status of your case online.

For more information about when and how to contact us, whether your case is outside our processing time or if there are other issues, please see our customer guide –

Case Services - How do I... know what kind of services are available to me after I file my application or petition?

Service Center Processing Dates for **Texas Service Center** Posted January 15, 2008

| Form | Title | Classification or Basis for Filing | Processing Timeframe |
|------|-------|-----------------------------------|---------------------|
| I-90 | Application to Replace Permanent Resident Card | Initial issuance or replacement | July 19, 2007 |
| I-102 | Application for Replacement/Initial Nonimmigrant Arrival/Departure | Initial issuance or replacement of a Form I-94 | October 17, |

| | | | |
|---|---|---|---|
| | Record | | 2007 |
| **I-129** | Petition for A Nonimmigrant Worker | H-1B - Specialty occupation - Visa to be issued abroad | November 16, 2007 |
| **I-129** | Petition for A Nonimmigrant Worker | H-1B - Specialty occupation - Change of status in the U.S. | November 16, 2007 |
| **I-129** | Petition for A Nonimmigrant Worker | H-1B - Specialty occupation - Extension of stay in the U.S. | November 16, 2007 |
| **I-129** | Petition for A Nonimmigrant Worker | H-2A - Temporary workers | December 31, 2007 |
| **I-129** | Petition for A Nonimmigrant Worker | H-2B - Other temporary workers | December 16, 2007 |
| **I-129** | Petition for A Nonimmigrant Worker | H-3 - Temporary trainees | November 16, 2007 |
| **I-129** | Petition for A Nonimmigrant Worker | E - Treaty traders and investors | November 16, 2007 |
| **I-129** | Petition for A Nonimmigrant Worker | L - Intracompany transfers | December 16, 2007 |
| **I-129** | Petition for A Nonimmigrant Worker | Blanket L | November 16, 2007 |
| **I-129** | Petition for A Nonimmigrant Worker | O - Extraordinary ability | November 16, 2007 |
| **I-129** | Petition for A Nonimmigrant Worker | P - Athletes, artists, and entertainers | November 16, 2007 |
| **I-129** | Petition for A Nonimmigrant Worker | Q - Cultural exchange visitors and exchange visitors participating in the Irish Peace process | November 16, 2007 |
| **I-129** | Petition for A Nonimmigrant Worker | R - Religious occupation | November 16, 2007 |
| **I-129** | Petition for A Nonimmigrant Worker | TN - North American Free Trade Agreement (NAFTA) professional | November 16, 2007 |
| **I-131** | Application for Travel Document | All other applicants for advance parole | October 17, 2007 |
| **I-140** | Immigrant Petition for Alien Worker | Extraordinary ability | June 21, 2007 |
| **I-140** | Immigrant Petition for Alien Worker | Outstanding professor or researcher | June 21, 2007 |
| **I-140** | Immigrant Petition for Alien Worker | Multinational executive or manager | June 21, 2007 |
| **I-140** | Immigrant Petition for Alien Worker | Schedule A Nurses | June 21, 2007 |
| **I-140** | Immigrant Petition for Alien Worker | Advanced degree or exceptional ability | June 21, 2007 |
| **I-140** | Immigrant Petition for Alien Worker | Advanced degree or exceptional ability requesting a National Interest Waiver | June 21, 2007 |
| **I-140** | Immigrant Petition for Alien Worker | Skilled worker or professional | June 21, 2007 |
| **I-140** | Immigrant Petition for Alien Worker | Unskilled worker | June 21, 2007 |
| **I-360** | Petition for Amerasian, Widow(er), or Special Immigrant | All other special immigrants | July 10, 2007 |
| **I-485** | Application to Register Permanent Residence or to Adjust Status | Employment-based adjustment applications | May 24, 2007 |

Visa Bulletin

*Number 114*
*Volume VIII*
*Washington, D.C.*

## VISA BULLETIN FOR JANUARY 2008

### A. STATUTORY NUMBERS

1. This bulletin summarizes the availability of immigrant numbers during **January**. Consular officers are required to report to the Department of State documentarily qualified applicants for numerically limited visas; the Bureau of Citizenship and Immigration Services in the Department of Homeland Security reports applicants for adjustment of status. Allocations were made, to the extent possible under the numerical limitations, for the demand received by December **10th** in the chronological order of the reported priority dates. If the demand could not be satisfied within the statutory or regulatory limits, the category or foreign state in which demand was excessive was deemed oversubscribed. The cut-off date for an oversubscribed category is the priority date of the first applicant who could not be reached within the numerical limits. Only applicants who have a priority date **earlier than** the cut-off date may be allotted a number. Immediately that it becomes necessary during the monthly allocation process to retrogress a cut-off date, supplemental requests for numbers will be honored only if the priority date falls within the new cut-off date.

2. Section 201 of the Immigration and Nationality Act (INA) sets an annual minimum family-sponsored preference limit of 226,000. The worldwide level for annual employment-based preference immigrants is at least 140,000. Section 202 prescribes that the per-country limit for preference immigrants is set at 7% of the total annual family-sponsored and employment-based preference limits, i.e., 25,620. The dependent area limit is set at 2%, or 7,320.

3. Section 203 of the INA prescribes preference classes for allotment of immigrant visas as follows:

### FAMILY-SPONSORED PREFERENCES

**First:** Unmarried Sons and Daughters of Citizens: 23,400 plus any numbers not required for fourth preference.

**Second:** Spouses and Children, and Unmarried Sons and Daughters of Permanent

Residents: 114,200, plus the number (if any) by which the worldwide family preference level exceeds 226,000, and any unused first preference numbers:

A. Spouses and Children: 77% of the overall second preference limitation, of which 75% are exempt from the per-country limit;

B. Unmarried Sons and Daughters (21 years of age or older): 23% of the overall second preference limitation.

**Third:** Married Sons and Daughters of Citizens: 23,400, plus any numbers not required by first and second preferences.

**Fourth:** Brothers and Sisters of Adult Citizens: 65,000, plus any numbers not required by first three preferences.

### EMPLOYMENT-BASED PREFERENCES

**First:** Priority Workers: 28.6% of the worldwide employment-based preference level, plus any numbers not required for fourth and fifth preferences.

**Second:** Members of the Professions Holding Advanced Degrees or Persons of Exceptional Ability: 28.6% of the worldwide employment-based preference level, plus any numbers not required by first preference.

**Third:** Skilled Workers, Professionals, and Other Workers: 28.6% of the worldwide level, plus any numbers not required by first and second preferences, not more than 10,000 of which to "Other Workers".

**Fourth:** Certain Special Immigrants: 7.1% of the worldwide level.

**Fifth:** Employment Creation: 7.1% of the worldwide level, not less than 3,000 of which reserved for investors in a targeted rural or high-unemployment area, and 3,000 set aside for investors in regional centers by Sec. 610 of P.L. 102-395.

4. INA Section 203(e) provides that family-sponsored and employment-based preference visas be issued to eligible immigrants in the order in which a petition in behalf of each has been filed. Section 203(d) provides that spouses and children of preference immigrants are entitled to the same status, and the same order of consideration, if accompanying or following to join the principal. The visa prorating provisions of Section 202(e) apply to allocations for a foreign state or dependent area when visa demand exceeds the per-country limit. These provisions apply at present to the following oversubscribed chargeability areas: CHINA-mainland born, INDIA, MEXICO, and PHILIPPINES.

5. On the chart below, the listing of a date for any class indicates that the class is oversubscribed (see paragraph 1); "C" means current, i.e., numbers are available for all qualified applicants; and "U" means unavailable, i.e., no numbers are available. (NOTE: Numbers are available only for applicants whose priority date is **earlier** than the cut-off date listed below.)

| Fam-ily | All Charge-ability Areas Except Those Listed | CHINA-mainland born | INDIA | MEXICO | PHILIPP-INES |
|---|---|---|---|---|---|
| 1st | 01FEB02 | 01FEB02 | 01FEB02 | 01JUL92 | 22NOV92 |
| 2A | 22FEB03 | 22FEB03 | 22FEB03 | 01MAY02 | 22FEB03 |
| 2B | 22NOV98 | 22NOV98 | 22NOV98 | 22MAR92 | 15JAN97 |
| 3rd | 08MAY00 | 08MAY00 | 08MAY00 | 08JUL92 | 01APR91 |
| 4th | 08JUL97 | 01NOV96 | 15SEP96 | 01OCT94 | 01FEB86 |

**\*NOTE:** For January, 2A numbers **EXEMPT from per-country limit** are available to applicants from all countries with priority dates **earlier** than 01MAY02. 2A numbers **SUBJECT to per-country limit** are available to applicants chargeable to all countries **EXCEPT MEXICO** with priority dates beginning 01MAY02 and earlier than 22FEB03. (All 2A numbers provided for MEXICO are exempt from the per-country limit; there are no 2A numbers for MEXICO subject to per-country limit.)

| | All Charge-ability Areas Except Those Listed | CHINA-mainland born | INDIA | MEXICO | PHILIP-PINES |
|---|---|---|---|---|---|
| Employ-ment -Based | | | | | |
| 1st | C | C | C | C | C |
| | | | | | |

# EXHIBIT D

**USCIS letter regarding case status**



**U.S. Department of Homeland Security**
Vermont Service Center
75 Lower Welden Street
St. Albans, VT
05479-0001

**U.S. Citizenship
and Immigration
Services**

Tuesday, September 13, 2005

BIN YU
5629 HEMPSTEAD RD APT 3
PITTSBURGH PA 15217

Dear BIN YU:

On 08/02/2005 you, or the designated representative shown below, contacted us about your case. Some of the key information given to us at that time was the following:

| | |
|---|---|
| **Caller indicated they are:** | The applicant |
| **Attorney Name:** | Information not available |
| **Case type:** | I485 |
| **Filing date:** | 11/08/2004 |
| **Receipt #:** | EAC-05-032-50855 |
| **Beneficiary (if you filed for someone else):** | YU, BIN |
| **Your USCIS Account Number (A-number):** | A098643487 |
| **Type of service requested:** | Change of Address |

The status of this service request is:

Recently, you called us to update your address. We have updated your address in our systems. Thank you for notifying us of your change of address. If you change your address again in the future, please contact customer service at the number provided below.

The processing of your case has been delayed. We are currently awaiting the results of required security checks on this case. These background checks are required of all who apply for the immigration benefit you are seeking. We will make every effort to make a decision on this case as soon as the security checks are complete. If you do not receive a decision or other notice of action from us within 6 months of this letter, please contact us by calling our customer service number provided below.

Your I-765 is under review by an adjudicator. You should be receiving a decision shortly.

If you have any further questions, please call the National Customer Service Center at 1-800-375-5283.

One final note: When you called you or your representative asked that we update your address on your pending case for the purpose of processing. We have updated your address. Your address now appears on your application or petition as the address shown above.

# EXHIBIT E

**FBI letter regarding pending security checks**



**U.S. Department of Justice**

Federal Bureau of Investigation

Washington, D. C. 20535-0001

June 14, 2007

WH 591536

Mr. Bin Yu
Apartment 24
5505 Limeric Circle
Wilmington, DE  19808

Dear Mr. Yu:

Your letter dated March 28, 2007, directed to Mrs. George W. Bush concerning your name check status for immigration purposes, was forwarded to the Department of Justice and subsequently referred to the Federal Bureau of Investigation (FBI) for reply.

A review of the FBI's Name Check Program database revealed that your request was received from the United States Citizenship and Immigration Services on November 26, 2004, and is currently in process.

The FBI processes millions of name check requests each year with each requiring thoughtful consideration. We know how important this information is to you; however, the FBI must also balance the need for national security in preparing the response to each of these requests. The FBI's homeland security mission requires that our name check process be primarily focused on an accurate and thorough result. While an exact date for completion of this review cannot be given, you may be assured that the results will be made available to the immigration authorities as quickly as possible.

I trust this information will be of assistance.

Sincerely,

Michael A. Cannon
Section Chief
National Name Check Program Section
Records Management Division

# EXHIBIT F

## USCIS letter stating decision within 60 days

U.S. Department of Homeland Security

Texas Service Center
P.O. Box 851488
Mesquite, TX 75185-1488



**U.S. Citizenship
and Immigration
Services**

Monday, August 27, 2007

BIN YU
5505 LIMERIC CIRCLE # 24
WILMINGTON DE 19808

Dear Bin Yu:

On 07/11/2007 you, or the designated representative shown below, contacted us about your case.  Some of the key information given to us at that time was the following:

| | |
|---|---|
| **Caller indicated they are:** | Applicant or Petitioner |
| **Attorney Name:** | Information not available |
| **Case type:** | I485 |
| **Filing date:** | 11/16/2004 |
| **Receipt #:** | EAC-05-032-50855 |
| **Beneficiary (if you filed for someone else):** | Information not available |
| **Your USCIS Account Number (A-number):** | Information not available |
| **Type of service requested:** | Outside Normal Processing Times |

The status of this service request is:

Your case is currently under review.  You should receive a decision or notice of other action within 60 days of the date of this letter.

xm0349

If you have any further questions, please call the National Customer Service Center at 1-800-375-5283.

Please remember: By law, every person who is not a U.S. citizen and who is over the age of 14 must also notify the Department of Homeland Security within 10 days from when they move (persons in "A" or "G" nonimmigrant status are exempt from this requirement). If you have moved, please complete a Form AR-11 and mail it to the address shown on that form.  If you do not have this form, you can download it from our website or you can call the National Customer Service Center at 1-800-375-5283 and we can order one for you.  If you move, please call us with your new address information as soon as your move is complete.  If you have already called us and given us this information, you do not need to call again.

U.S. Citizenship and Immigration Services

## EXHIBIT G

## Complaint Letter and postal service receipt

**Evelyn Upchurch**, Director
Department of Homeland Security
Bureau of Citizenship and Immigration Services
Texas Service Center
4141 St. Augustine Rd
Dallas, Texas, 75227

Re: Name Check Expedite Request

Dear Ms. Upchurch:

I have filed employment-based immigration petition in October, 2004 under category **EB1A--Alien of Extraordinary Ability** and its I-140 was approved on 04/22/2005. However, **after three years**, my adjustment of status petition (I-485) is still pending with the USCIS Texas Service Center.

My delayed permanent residency has already **caused severe financial loss** to my company – Quantum Leap Innovations, Inc (QLI – Newark, DE). Several of our research proposals received favorably reviews, but cannot be funded due to my delayed adjustment of status petition and the ITAR restriction. These include,

- Proposal to DTO in March 2007: Total budget for QLI/CMU exceeds $3.7 million.
- Proposal to Army SBIR office in June 2007: Total budget for QLI/UPenn is $100K.

Also, I believed that my case was a **service error**. In August I was told by an IO on the phone that the result of my background check had returned. I received a letter on 08/27/ 2007, stating that "You should receive a decision or notice of other action **within 60 days**".

I have talked with my company lawyer about my situation. She suggested that filing a Writ of Mandamus was the only option for me and my company. We are seriously considering this option if we cannot hear anything from USCIS in the next couple of weeks.

I humbly ask for your help in expediting my FBI name check if it is still pending and properly adjudicating my I-485 application. I greatly appreciate your prompt response.

Very sincerely,

Bin Yu
A#: A98643487
USCIS I-485 Receipt Number: EAC-05-032-50855
Phone# : (302) 894-8057
E-mail: byu@quantumleap.us

11/16/2007

# EXPRESS MAIL

UNITED STATES POSTAL SERVICE®

**Finance Copy**
Label 11-B, March 2004

**Post Office To Addressee**

EB 652710007 US

## ORIGIN (POSTAL SERVICE USE ONLY)

PO ZIP Code

**Day of Delivery**
☐ Next ☐ 2nd ☐ 2nd Del. Day

Postage
$

**Scheduled Date of Delivery**

Return Receipt Fee
$

Date Accepted

Month    Day

**Scheduled Time of Delivery**
☐ Noon ☐ 3 PM

COD Fee
$

Insurance Fee
$

Mo.    Day    Year

Time Accepted    ☐ AM    ☐ PM

**Military**
☐ 2nd Day ☐ 3rd Day

Total Postage & Fees
$

Flat Rate ☐ or Weight
lbs.    ozs.

Int'l Alpha Country Code

Acceptance Emp. Initials

FROM: (PLEASE PRINT)    PHONE ( )

**FOR PICKUP OR TRACKING**
Visit **www.usps.com**
Call **1-800-222-1811**

## DELIVERY (POSTAL USE ONLY)

Delivery Attempt    Time    ☐ AM    ☐ PM

Mo.    Day

Delivery Attempt    Time    ☐ AM    ☐ PM

Mo.    Day

**Delivery Date**    Time    ☐ AM    ☐ PM

Mo.    Day

Employee Signature

Employee Signature

Employee Signature

## CUSTOMER USE ONLY

**PAYMENT BY ACCOUNT**
Express Mail Corporate Acct. No.

Federal Agency Acct. No. or
Postal Service Acct. No.

**WAIVER OF SIGNATURE** (Domestic Mail Only)
Additional merchandise insurance is void if waiver of signature is requested. I wish delivery to be made without obtaining signature of addressee or addressee's agent (if delivery employee judges that article can be left in secure location) and I authorize that delivery employee's signature constitutes valid proof of delivery.

**NO DELIVERY**    ☐ Weekend ☐ Holiday

Customer Signature

TO: (PLEASE PRINT)    PHONE ( )

ZIP + 4 (U.S. ADDRESSES ONLY. DO NOT USE FOR FOREIGN POSTAL CODES.)

FOR INTERNATIONAL DESTINATIONS, WRITE COUNTRY NAME BELOW.

# EXHIBIT H

## Timeline of Plaintiff's application and his inquiring efforts

The following is the timeline for my pending green card application:

1) 10/22/2004: filed I-140 immigrant petition for alien worker under the category of EB-1A at USCIS Vermont Service Center

2) 11/16/2004: filed I-485 application to adjust to permanent resident status at USCIS Vermont Service Center

3) **11/26/2004: FBI received the name check request from USCIS.**

4) 04/06/2005: first finger print done.

5) 04/22/2005: received I-140 approval notice from USCIS Vermont Service Center

6) 09/13/2005: received a service request letter from USCIS, stating that "your case has been delayed due to FBI name check".

7) Waiting and waiting patiently for an I-485 approval notice from USCIS, but it never happens due to the severe delay of FBI name check.

8) From 08/2006 to 08/2007: contacted USCIS, FBI, First Lady, US Senators, US Congressmen at different times to ask help to expedite the FBI name check, but no really help and valid progress at all. Some replied with official words asking for waiting, but for most cases, no reply at all.

9) 03/07/2007: the I-485 application was transferred to USCIS Texas Service Center.

10) 05/04/2007: second finger print done.

11) 06/14/2007: received the response letter from FBI, stating that "FBI name check is in process".

12) 08/27/2007: received service inquiry result letter from USCIS, stating that "case is currently under review, should receive a decision within 60 days".

13) 11/06/2007: called US CIS Texas Service center and was told that "case cannot be processed due to **pending FBI name check**".

9) 03/07/2007: the I-485 application was transferred to USCIS Texas Service Center.

10) 05/04/2007: second finger print done.

11) 06/14/2007: received the response letter from FBI, stating that "FBI name check is in process".

12) 08/27/2007: received service inquiry result letter from USCIS, stating that "case is currently under review, should receive a decision within 60 days".

13) 11/06/2007: called US CIS Texas Service center and was told that "case cannot be processed due to **pending FBI name check**".

%JS 44 (Rev. 12/07)                    **CIVIL COVER SHEET**                    ˉ 0 8 ˉ 7 4 ˉ ˉˉ

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Bin Yu | Michael Chertoff, Secretary of Homeland Security<br>Emilio T. Gonzalez, Director of USCIS<br>Evelyn Upchurch, Director of USCIS Texas Center<br>Robert S. Mueller, III, Director of FBI |

**(b)** County of Residence of First Listed Plaintiff    New Castle
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
5505 Limeric Cir. Apt 24   Tel: (302)
Wilmington, DE   19808   737-2380

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

❏ 1  U.S. Government
Plaintiff

❏ 3  Federal Question
(U.S. Government Not a Party)

☒ 2  U.S. Government
Defendant

❏ 4  Diversity
(Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**(Place an "X" in One Box for Plaintiff
(For Diversity Cases Only) and one Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❏ 1 | ❏ 1 | Incorporated *or* Principal Place of Business In This State | ❏ 4 | ❏ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated *and* Principal Place of Business In Another State | ❏ 5 | ❏ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ❏ 110 Insurance | **PERSONAL INJURY** | ❏ 610 Agriculture | ❏ 422 Appeal 28 USC 158 | ❏ 400 State Reapportionment |
| ❏ 120 Marine | ❏ 310 Airplane | **PERSONAL INJURY** | ❏ 620 Other Food & Drug | ❏ 423 Withdrawal | ❏ 410 Antitrust |
| ❏ 130 Miller Act | ❏ 315 Airplane Product | ❏ 362 Personal Injury - | ❏ 625 Drug Related Seizure | 28 USC 157 | ❏ 430 Banks and Banking |
| ❏ 140 Negotiable Instrument | Liability | Med. Malpractice | of Property 21 USC 881 | | ❏ 450 Commerce |
| ❏ 150 Recovery of Overpayment | ❏ 320 Assault, Libel & | ❏ 365 Personal Injury - | ❏ 630 Liquor Laws | **PROPERTY RIGHTS** | ❏ 460 Deportation |
| & Enforcement of Judgment | Slander | Product Liability | ❏ 640 R.R. & Truck | ❏ 820 Copyrights | ❏ 470 Racketeer Influenced and |
| ❏ 151 Medicare Act | ❏ 330 Federal Employers' | ❏ 368 Asbestos Personal | ❏ 650 Airline Regs. | ❏ 830 Patent | Corrupt Organizations |
| ❏ 152 Recovery of Defaulted | Liability | Injury Product | ❏ 660 Occupational | ❏ 840 Trademark | ❏ 480 Consumer Credit |
| Student Loans | ❏ 340 Marine | Liability | Safety/Health | | ❏ 490 Cable/Sat TV |
| (Excl. Veterans) | ❏ 345 Marine Product | **PERSONAL PROPERTY** | ❏ 690 Other | | ❏ 810 Selective Service |
| ❏ 153 Recovery of Overpayment | Liability | ❏ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ❏ 850 Securities/Commodities/ |
| of Veteran's Benefits | ❏ 350 Motor Vehicle | ❏ 371 Truth in Lending | ❏ 710 Fair Labor Standards | ❏ 861 HIA (1395ff) | Exchange |
| ❏ 160 Stockholders' Suits | ❏ 355 Motor Vehicle | ❏ 380 Other Personal | Act | ❏ 862 Black Lung (923) | ❏ 875 Customer Challenge |
| ❏ 190 Other Contract | Product Liability | Property Damage | ❏ 720 Labor/Mgmt. Relations | ❏ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ❏ 195 Contract Product Liability | ❏ 360 Other Personal | ❏ 385 Property Damage | ❏ 730 Labor/Mgmt.Reporting | ❏ 864 SSID Title XVI | ☒ 890 Other Statutory Actions |
| ❏ 196 Franchise | Injury | Product Liability | & Disclosure Act | ❏ 865 RSI (405(g)) | ❏ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ❏ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ❏ 892 Economic Stabilization Act |
| ❏ 210 Land Condemnation | ❏ 441 Voting | ❏ 510 Motions to Vacate | ❏ 790 Other Labor Litigation | ❏ 870 Taxes (U.S. Plaintiff | ❏ 893 Environmental Matters |
| ❏ 220 Foreclosure | ❏ 442 Employment | Sentence | ❏ 791 Empl. Ret. Inc. | or Defendant) | ❏ 894 Energy Allocation Act |
| ❏ 230 Rent Lease & Ejectment | ❏ 443 Housing/ | **Habeas Corpus:** | Security Act | ❏ 871 IRS—Third Party | ❏ 895 Freedom of Information |
| ❏ 240 Torts to Land | Accommodations | ❏ 530 General | | 26 USC 7609 | Act |
| ❏ 245 Tort Product Liability | ❏ 444 Welfare | ❏ 535 Death Penalty | **IMMIGRATION** | | ❏ 900Appeal of Fee Determination |
| ❏ 290 All Other Real Property | ❏ 445 Amer. w/Disabilities - | ❏ 540 Mandamus & Other | ❏ 462 Naturalization Application | | Under Equal Access |
| | Employment | ❏ 550 Civil Rights | ❏ 463 Habeas Corpus - | | to Justice |
| | ❏ 446 Amer. w/Disabilities - | ❏ 555 Prison Condition | Alien Detainee | | ❏ 950 Constitutionality of |
| | Other | | ❏ 465 Other Immigration | | State Statutes |
| | ❏ 440 Other Civil Rights | | Actions | | |

**V. ORIGIN** (Place an "X" in One Box Only)

☒ 1 Original
Proceeding

❏ 2 Removed from
State Court

❏ 3 Remanded from
Appellate Court

❏ 4 Reinstated or
Reopened

❏ 5 Transferred from
another district
(specify)

❏ 6 Multidistrict
Litigation

❏ 7 Appeal to District
Judge from
Magistrate
Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing **(Do not cite jurisdictional statutes unless diversity):**
8 U.S.C. 1447(b)
Brief description of cause:
The defendants have not adjudicated the plaintiff's I-485 application as required by law

**VII. REQUESTED IN
COMPLAINT:**

❏ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:**    ❏ Yes   ❏ No

**VIII. RELATED CASE(S)
IF ANY**

(See instructions):

JUDGE

DOCKET NUMBER

DATE    02/05/2008

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

OFFICE OF THE CLERK
**UNITED STATES DISTRICT COURT**
DISTRICT OF DELAWARE

Peter T. Dalleo
**CLERK**

LOCKBOX 18
844 KING STREET
U.S. COURTHOUSE
WILMINGTON, DELAWARE 19801
(302) 573-6170

**RE:   C.A.#** _ 0 8 - 7 4 _

**CASE CAPTION:** _____ **v.** _____

## ACKNOWLEDGMENT OF RECEIPT FOR F.R.Civ.P. 4

        I hereby acknowledge receipt of a copy of Rule 4 (Summons) of the Federal Rules of Civil Procedure, and understand that it is my responsibility to make service of process on defendants in accordance with this rule.

Date Received ___2/8/08___     Signed: _____
by Plaintiff:                                Pro Se Plaintiff

Date Received ___2/5/08___     Signed: _____
by Clerk's office:                           Deputy Clerk

Note: If you received Federal Rule 4 by mail, please sign this receipt and return it to:

    Clerk
    U.S. District Court
    844 N. King Street            If applicable, Rule 4 mailed to plaintiff:
    Lockbox 18
    Wilmington, DE 19801
                                     _____
                                      Date mailed

                                     _____
                                     By Deputy Clerk

cc:  Docketing Clerk

wp\forms\rule4receipt 2-04

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. _____ − 0 8 − 7 4 ____

# ACKNOWLEDGMENT
# OF  RECEIPT  FOR AO FORM  85

## *NOTICE OF AVAILABILITY OF A*
## *UNITED STATES MAGISTRATE JUDGE*
## *TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF _____ 5 _____ COPIES OF AO FORM 85.

_2/5/08_

(Date forms issued)

X _____

(Signature of Party or their Representative)

X    *Bin  Yu*

(Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action